[Cite as *PHH Mtge. Corp. v. Unknown Heirs of Cox*, 2013-Ohio-4614.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION | : | |
| | : | Appellate Case No. 25617 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CV-03860 |
| v. | : | |
| | : | |
| UNKNOWN HEIRS, DEVISEES, | : | (Civil Appeal from |
| LEGATEES OF DELORES K. COX, | : | Common Pleas Court) |
| et al. | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of October, 2013.

. . . . . . . . . .

ELIZABETH S. FULLER, Atty. Reg. #0081032, JENNIFER SCHAEFFER, Atty. Reg. #0084893, and STACY L. HART, Atty. Reg. #0081870, Lerner, Sampson & Rothfuss, Post Office Box 5480, Cincinnati, Ohio 45201
        Attorneys for Plaintiff-Appellee

GARY J. LEPPLA, Atty. Reg. #0017172, and PHILIP J. LEPPLA, Atty. Reg. #0089075, Leppla Associates, Ltd., 2100 South Patterson Boulevard, Dayton, Ohio 45409
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Melanie Zimmerman and William Cox appeal from the trial court's entry of

summary judgment against them on plaintiff-appellee PHH Mortgage Corporation's complaint for foreclosure on a mortgage.

{¶ 2} Zimmerman and William Cox advance two assignments of error on appeal. First, they contend the trial court erred in entering summary judgment where PHH Mortgage lacked standing to pursue foreclosure because no valid assignment of a mortgage securing a loan ever had occurred. Second, they claim the trial court erred in finding no genuine issue of material fact as to whether assignment of the mortgage to PHH Mortgage was fraudulent.

{¶ 3} The record reflects that Delores Cox borrowed $184,000 from First Financial Bank in 2004 to purchase a home. The loan was secured by a mortgage. The mortgage was assigned from First Financial Bank to PHH Mortgage in May 2007. The assignment was file-stamped, notarized, and recorded that same month. Some three-and-a-half years later, Delores Cox died on January 22, 2011. Thus, prior to filing suit in this case, PHH Mortgage held both the note, which had been endorsed in blank, and the mortgage for about four years. As heirs of Delores Cox, Zimmerman and William Cox made the loan payments until March 2011. PHH Mortgage then filed its complaint for foreclosure in May 2011.

{¶ 4} Following procedural issues not relevant here, including vacation of a default judgment, PHH Mortgage moved for summary judgment. Zimmerman and William Cox opposed the motion, raising one issue. Specifically, they challenged the validity of the mortgage assignment from First Financial Bank to PHH Mortgage. They noted that the assignment was signed by a "D.M. Wileman," who claimed to be a vice-president of First Financial Bank. Zimmerman and William Cox provided an affidavit calling into question whether Wileman actually was a vice-president of First Financial Bank or was employed by that bank at all. They

also supplied information that Wileman was an employee of a mortgage-servicing company in Texas. Therefore, they argued that Wileman lacked authority to assign First Financial Bank's mortgage to PHH Mortgage. Based on an allegation that the assignment was not valid and was "fraudulent," Zimmerman and William Cox alleged that PHH Mortgage lacked standing to proceed with foreclosure. At a minimum, Zimmerman and William Cox claimed questions about Wileman's status were sufficient to avoid summary judgment.

{¶ 5}     The trial court found the foregoing argument unpersuasive and entered summary judgment in favor of PHH Mortgage. (Doc. #72). In so doing, the trial court found that Zimmerman and William Cox themselves lacked standing to challenge the validity of the assignment from First Financial Bank to PHH Mortgage. It reasoned:

> It is important to point out that regardless of whether First Financial Bank or Plaintiff [PHH Mortgage]  is the real party in interest, Defendants' obligation is unchanging. The underlying contract, the Note and Mortgage, was signed by Ms. [Delores] Cox and given to First Financial Bank. This bound her to pay an amount certain every month under the terms and conditions of that agreement. After Ms. Cox deceased, Defendants, as Ms. Cox's heirs, became obligated under the underlying contract according to the same terms and conditions. And it is undisputed by the parties that Defendants have failed to abide by that agreement, causing a default on the Note and Mortgage. As a result, Defendants are exposed to foreclosure and the holder of the Note and Mortgage would be entitled to foreclose. Whether the holder is First Financial Bank or Plaintiff [PHH Mortgage], it does not matter.

Furthermore, the Court finds that the assignment is a contact, separate and apart from the underlying contract, between First Financial Bank and Plaintiff. The assignment was recorded, putting First Financial Bank on constructive notice of the transfer, whether it was fraudulent or not. The only other party to this contact, Plaintiff, is the only other party which may be harmed by the assignment if it is fraudulent. However, Plaintiff is not challenging the validity of the assignment, and they have accepted and continue to accept the rights and obligations which correspond with the assignment. This includes collecting on the Note and Mortgage, to their detriment. In this acceptance, Plaintiff has ratified or affirmed any deficiency in assignment.

Thus, Defendants are the only remaining individuals challenging the validity of the transfer; however, neither Ms. Cox nor Defendants were a party to the assignment contract. The assignment, clearly, is not intended to benefit Defendants as a third party; it does not change the terms or conditions of the underlying contract, neither does the Note or Mortgage have a provision which would have prohibited First Financial Bank from assigning its interests. Based upon these facts, Defendants do not have an interest in the assignment contract and do not have the standing required to challenge the assignment. Therefore, the court finds that the Plaintiff is the real party in interest to the Note and Mortgage, and is the proper party to assert both in this foreclosure proceeding. The Court further finds that there are no further genuine issues of fact which would prevent summary judgment.

(Doc. #72 at 5-6).

{¶ 6}    As set forth above, Zimmerman and William Cox continue to insist that a genuine issue of material fact exists as to whether the assignment of the mortgage from First Financial Bank to PHH Mortgage in 2007 was "fraudulent." If so, they argue that PHH Mortgage had not validly acquired the mortgage when it filed suit and, therefore, lacked standing to foreclose. We find these arguments unpersuasive.

{¶ 7}    Even assuming, arguendo, that there was fraud in the assignment of the mortgage, PHH mortgage indisputably held the note secured by the mortgage at issue when it filed its complaint. PHH Mortgage was not required to have the mortgage formally assigned by First Financial Bank.[1] Ohio courts have recognized that in such cases the mortgage automatically follows the note it secures. *See*, *e.g.*, *Bank of New York Mellon v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, ¶43 (citing cases); *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶65 ("Even if the assignment of mortgage from Argent to Deutsche Bank was invalid, Deutsche Bank would still be entitled to enforce the

---

[1] A copy of the note is attached to PHH Mortgage's affidavit in support of summary judgment. (Doc. #57). The last page of the note contains a blank endorsement. It reads, "Pay to the Order of _____ without recourse," and it is signed by a representative of First Financial Bank. The note, therefore, properly was negotiated to PHH Mortgage by mere transfer of possession alone, making PHH Mortgage the holder of the note and entitling PHH Mortgage to enforce the note. *See Bank of New York Mellon v. Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, ¶17-18. Therefore, the present case is readily distinguishable from *H & S Financial, Inc. v. Davidson*, 2d Dist. Montgomery No. 24291, 2011-Ohio-4290, which is cited by Zimmerman and William Cox in their reply brief. In that case, this court found a genuine issue of material fact as to whether a promissory note had been assigned to H & S Financial, giving that entity standing to enforce it. H & S Financial did not provide any documentation establishing its ownership of the note, and the record contained no evidence of an assignment. The note also lacked a blank endorsement of the type existing in the present case. Under such circumstances, this court held that H & S Financial had not established standing to proceed on the note. Unlike *H & S Financial*, PHH Mortgage provided an affidavit identifying itself as holder of the note. This claim was supported by the blank endorsement, the legal effect of which was to make the instrument negotiable by mere transfer of possession to PHH Mortgage, which had occurred. *See Baird* at ¶18. Therefore, unlike the plaintiff in *H & S Financial*, PHH Mortgage did have standing to proceed under the note.

mortgage because under Ohio law, the mortgage 'follows the note' it secures. * * * The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered."); *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶31-34 (recognizing that the transfer of a note automatically results in equitable assignment of a mortgage securing the note).

{¶ 8}    Finally, nothing in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, is contrary to our analysis herein. Although Zimmerman and William Cox insist that *Schwartzwald* compels a judgment in their favor, we believe their reliance on it is misplaced. In *Schwartzwald*, the plaintiff commenced a foreclosure action before obtaining an assignment of a promissory note and mortgage. Under these circumstances, the Ohio Supreme Court held that the plaintiff lacked standing to file a foreclosure action. The *Schwartzwald* court further held that the lack of standing could not be cured by the plaintiff obtaining an assignment after commencing the action. Unlike *Schwartzwald*, PHH Mortgage obtained the promissory note and, at a minimum, an equitable assignment of the mortgage years before filing its foreclosure action. Therefore, *Schwartzwald* is distinguishable.

{¶ 9}    Based on the reasoning set forth above, we overrule both assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .


FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Elizabeth S. Fuller
Jennifer Schaeffer
Stacy L. Hart
Gary J. Leppla
Philip J. Leppla
Hon. Gregory F. Singer