[Cite as *Sutton Funding L.L.C. v. Herres*, 2015-Ohio-3609.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SUTTON FUNDING LLC | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26530 |
| | : | |
| v. | : | T.C. NO. 08CV1268 |
| | : | |
| MARK HERRES, et al. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of ___September___, 2015.

. . . . . . . . . . .

KIMBERLY Y. SMITH RIVERA, Atty, Reg. No. 0066849, 25550 Chagrin Blvd., Suite 406, Cleveland, Ohio 44122
        Attorney for Plaintiff-Appellee

MARY K. C. SOTER, Atty. Reg. No. 0007696, 5518 N. Main Street, Dayton, Ohio 45415
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Mark Herres, filed December 22, 2014. Herres' Notice of Appeal is addressed to several court orders, namely an August 6, 2009 Judgment and Decree in Foreclosure; an August 5, 2014 Order of Sale; an August 27, 2014 Decision and Entry Overruling Defendant's Motion to

Set Aside Order of Sale and Motion to Order Substitution; a September 11, 2014 Decision, Order and Entry Overruling Joint Motion to Consolidate Cases; and a December 8, 2014 Judgment Entry Confirming Sheriff's Sale and Ordering Distribution. On March 18, 2015, this Court issued a Decision and Entry finding that the 2009 Judgment and Decree in Foreclosure was final and appealable when entered on August 6, 2009, and that this Court affirmed the foreclosure decision on Herres' appeal in *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574 (2d Dist.). This Court limited the scope of Herres' appeal to the other orders on appeal, excluding the August 6, 2009 order.

{¶ 2} We note that on March 25, 2015, this Court issued a Decision and Entry denying the January 21, 2015 motion of Appellee, Substituted-Plaintiff The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust ("Mellon") to supplement the record on appeal herein with the docket and journal entries pre-dating the August 6, 2009 Judgment and Decree in Foreclosure. This Court noted that, pursuant to "standard practice, the summary of docket for the purpose of the record in the current appeal begins with journal entries following the last appeal. In this case, the summary of docket and journal entries begins on October 3, 2013." After noting its March 18, 2015 Decision and Entry, this Court concluded that the "record is proper in its current state."

{¶ 3} By way of background, Sutton Funding L.L.C. ("Sutton") commenced this action on February 5, 2008, by filing a Complaint in Foreclosure against Herres and various other defendants, asserting that Herres defaulted on a promissory note held by Sutton, and that Sutton held a mortgage given by Herres to secure payment on the note.

On May 1, 2008, Herres filed an answer and a counterclaim for fraud. The trial court dismissed the counterclaim for fraud on December 10, 2008, on Sutton's motion to dismiss. On May 15, 2009, Sutton filed a motion for summary judgment. The trial court sustained the motion for summary judgment on July 24, 2009, and this Court affirmed the trial court's decisions dismissing Herres' counterclaim and granting summary judgment in favor of Sutton on August 6, 2010. *Sutton Funding L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574 (2d Dist.). This Court noted that Herres "waived any challenge to [Sutton's] standing for purposes of this appeal." *Id.*, ¶ 41. This Court further noted that Herres filed a motion for relief from judgment which was pending in the trial court and found that "[w]hether [Sutton] was, in fact, the real party in interest when it filed its complaint is a matter that the trial court may address in ruling on Herres' Civ.R. 60(B) motion." *Id.*, ¶ 42.

{¶ 4} In his December 3, 2009, motion for relief from judgment, Herres asserted in branch one that Sutton "is not now the owner of the mortgage" and that the mortgage had been transferred to Mellon. In branch two, Herres sought sanctions against Sutton and counsel for Sutton, and in branch three, Herres sought relief from the judgment of foreclosure. The trial court overruled branches one and two of the motion on November 10, 2010, and set the third branch for a hearing pursuant to Civ.R. 60(B). On July 29, 2011, Sutton filed a "Motion to Substitute Party Plaintiff," attached to which is an assignment of the mortgage from Sutton to Mellon, dated June 30, 2011. The assignment indicates that it was recorded on July 11, 2011. Mellon was substituted as plaintiff on August 3, 2011.

{¶ 5} After multiple continuances, the trial court denied Herres' request for relief

from judgment, and this Court affirmed that decision on August 1, 2013. *Bank of New York Mellon Trust Co. N.A. v. Herres*, 2d Dist. Montgomery No. 25890, 2014-Ohio-1539 ("*Mellon"*). Therein, this Court concluded that "Sutton had standing when it filed the complaint against Herres, and that the trial court, therefore, had jurisdiction over the foreclosure action." *Id.*, ¶ 31. This Court noted that "the judgment and decree in foreclosure became final after Herres failed to appeal the decision we issued in August 2010," and accordingly, "Sutton, and its successor, Mellon were entitled to have the property sold at auction, and to hold Herres personally liable for the deficiency between the amount of the judgment and the proceeds of the sale. The fact that Herres was discharged from personal liability for the debt in bankruptcy did not affect Mellon's judgment in foreclosure and its attendant right to sell the property." *Id.*, ¶ 41. Finally, this Court determined that "Herres failed to establish that the foreclosure judgment had been discharged [in bankruptcy], or that he had a meritorious defense to present." *Id.*, ¶ 45.

{¶ 6} An Order of Sale was issued on July 11, 2014, after Herres' second appeal, and on July 18, 2014, Herres filed a motion to set aside the order of sale, or alternatively for an order of substitution since, Herres asserted, Mellon assigned its interest in the property to ARLP Trust. Attached to the motion is an assignment of the mortgage, dated September 27, 2013, from Mellon to ARLP Trust. The assignment reflects that it was recorded on November 13, 2013. Also attached is a copy of a mortgage of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Equifirst Corporation, and the assignment thereof to Sutton, dated February 12, 2008, which indicates that it was recorded on February 27, 2008. Finally, the assignment of the mortgage from Sutton to Mellon is attached. The trial court overruled the motion to set aside the order of sale on

August 27, 2014, without analysis.

{¶ 7} On September 10, 2014, Mellon and ARLP Trust filed a joint motion to consolidate the underlying action with a separate action filed against ARLP Trust by RMH Investments and Technology L.L.C. ("RMH"). The motion provided as follows in part:

Consolidation is appropriate under Loc.R. 1.19(II)(A)(1)(e) and Civ.R. 42 because both of these actions involve (or involved and already disposed of) the same allegations of standing relating to the same mortgage and the same promissory note, and each seek a judgment affecting title to the same real property.

* * *

According to [RMH], Plaintiff in the latter 2014 case, Defendant Herres transferred the subject property to RMH. RMH alleges that Herres' 2013 bankruptcy somehow affects standing to foreclose, and seeks to quiet title to the property in its name. Because standing was already, repeatedly, and finally determined by Judge O'Connell and the Second District Court of Appeals in the former case, RMH's allegations are barred by both *lis pendens* and *res judicata*.

Because Judge O'Connell has already considered and decided the very issues asserted in the action pending before Judge Tucker, the latter action should be consolidated with the former.

{¶ 8} In overruling the joint motion to consolidate on September 11, 2014, the trial court determined as follows:

After duly considering the matter, the Court does not find Plaintiff's

motion well-taken. A final appealable order was filed in case number 08-CV-1268 on August 1, 2013. An appeal was filed as to this decision, and the decision was affirmed by the Second District Court of Appeals on April 11, 2014. The property is currently set for sheriff sale and the motion to set aside this sale has been overruled. The Court does not find that consolidation is appropriate.

{¶ 9} On October 3, 2014 a "Return of Sheriff on Writ for Alias Order of Sale" was filed which provides that on that date, the property at issue was sold to "Plaintiff, Sutton Funding LLC." On December 4, 2014, Mellon filed a motion to confirm the sheriff's sale. On the same date, an "Assignment of Bid" was filed that provides: "For value received, Substituted-Plaintiff does hereby sell, assign, transfer and set over unto ARLP Trust * * * all its rights, title and interest in and to his bid at Sheriff's sale of real estate held in the above-captioned case, in which it was the successful bidder." On December 8, 2014, the trial court confirmed the sale as follows:

This matter came on to be heard upon the Motion of Substituted-Plaintiff, and on the return of the Sheriff of his proceedings and sale made under former Order of this court on October 3, 2014; that the Substituted-Plaintiff was the successful bidder at the Sheriff's Sale and has subsequently assigned its bid to ARLP Trust, and upon careful examination by the Court of the proceedings of said Sheriff being satisfied that the same have been made in all respects in conformity to the law, and the Orders of this court; it is hereby ordered that the proceedings and sale be, and are hereby approved and confirmed.

IT IS THERREFORE ORDERED, ADJUDGED AND DECREED THAT THE Sheriff convey to the assignee, ARLP Trust * * *(hereinafter purchaser) by deed according to law, the property so sold * * *; and a writ of possession is hereby awarded to put the said purchaser, in possession of the premises.

And the Court, coming now to distribute the proceeds of said sale amounting to $110,000.00, [it] is ordered that the Sheriff out of the money in his hands pay:

* * *

SIXTH: To the Substituted-Plaintiff, [Mellon] the sum of $105,892.74 to apply against the Judgment heretobefore rendered.

* * *

The Court further orders the Clerk to issue a cancellation of the Mortgage of Mortgage Electronic Registration Systems, Inc. "MERS" as nominee for Equifirst Corporation (a copy of the legal description is attached hereto as Exhibit A) recorded in Instrument 07-042973, and the assignment thereof to Plaintiff, Sutton Funding LLC, recorded in Instrument 08-013561, and the assignment thereof to Substituted-Plaintiff, [Mellon], recorded in Instrument 11-039843, and the *invalid assignment* thereof to ARLP Trust, recorded in Instrument 2013-00079399 * * *.

{¶ 10} Herres asserts six assignments of error herein. We will initially consider his first, third and fourth assignments of error together. They are as follows:

THE COURT ERRED IN PERMITTING THE SHERIFF'S SALE TO

TAKE PLACE BECAUSE THE MORTGAGE HOLDER NO LONGER HAD A SECURITY INTEREST IN THE REAL PROPERTY.

And,

THE COURT ERRED IN PERMITTING THE SHERIFF'S SALE OF THE REAL PROPERTY BECAUSE THE PLAINTIFF-APPELLEE, SUTTON FUNDING, DID NOT HAVE STANDING TO FILE THE FORECLOSURE ACTION.

And,

THE COURT ERRED IN PERMITTING THE SHERIFF'S SALE OF THE REAL PROPERTY BECAUSE THE ASSIGNMENTS OF THE MORTGAGE WERE NOT PROPERLY NOTARIZED.

{¶ 11} In his first assigned error, Herres asserts that Mellon and Sutton were creditors in his bankruptcy action in the Southern District of Ohio, Western Division, and that when he "obtained his discharge [in bankruptcy] [Mellon] and [Sutton] lost their security interest in the real property * * * and had no right to pursue a foreclosure action." In his third assigned error, Herres asserts that Sutton lacked standing to file the complaint in foreclosure because, at the time the foreclosure action commenced, Sutton "had not received or recorded an assignment of the mortgage. The assignment was signed, but not notarized, on February 12, 2008." In his fourth assignment of error, Herres asserts that the "original mortgage in favor of [MERS] was never notarized. The assignment does not contain a notary clause or signature." Herres asserts that if the assignment of mortgage from MERS was defective, "then all future assignments of that mortgage were also defective."

{¶ 12}   These assignment of error are addressed to the August 6, 2009 Judgment and Decree in Foreclosure and are contrary to this Court's order.   As noted above, this Court considered and rejected Herres' arguments addressed to Sutton's and Mellon's standing in *Mellon*. *Id.,* ¶ 41. Herres' arguments regarding the allegedly defective mortgage and assignments thereof are further barred by the doctrine of res judicata, which "bars all claims that were litigated in a prior action as well as all claims which might have been litigated in that action. * * *."   *Deaton v. Burney*, 107 Ohio App.3d 407, 669.N.E.2d 1 (2d Dist. 1995).    Herres' first, third, and fourth assigned errors are accordingly overruled.

{¶ 13}  We will next consider Herres' second and sixth assignments of error together.   They are as follows:

THE COURT ERRED IN CANCELLING ASSIGNMENTS IN JUDGMENT ENTRY CONFIRMING SALE AND ORDERING DISTRIBUTION FILED DEC. 8, 2014,

And,

THE COURT ERRED IN PERMITTING THE SHERIFF'S SALE TO TAKE PLACE WHEN ARLP TRUST WAS THE ALLEGED HOLDER OF THE MORTGAGE BECAUSE ALRP TRUST WAS NOT REGISTERED WITH THE SECRETARY OF STATE OF OHIO AND WAS NOT AUTHORIZED TO CONDUCT BUSINESS IN OHIO.

{¶ 14} Herres asserts as follows in his second assigned error:

The substituted Plaintiff filed a Motion after the Sheriff's Sale had already taken place, requesting that the Court issue a cancellation of the

mortgage of Mortgage Electronic Systems, Inc. and the assignment thereof to Plaintiff, Sutton Funding LLC, and the assignment thereof to substituted plaintiff [Mellon] and the *invalid assignment* thereof to ARLP Trust.

The Court granted this Motion and ordered the Clerk to issue a cancellation of all of those mortgages and assignments of mortgage, without giving Defendant Appellant a chance to object.

The Plaintiff-Appellees acting in concert, have changed the Plaintiff in this case from one corporation to another, without having the proper assignments of the mortgage recorded. All of the assignments of the mortgage were filed at the same time on November 13, 2013, including the BANK OF NEW YORK MELLON, SUTTON FUNDING, EQUIFIRST, and ALRP. All of those assignments were attached to the ALRP assignment of mortgage. The original mortgage in favor of MORTGAGE ELECTRONIC FILING was never notarized. An affidavit stated that on June 13, 2011 a notary had notarized an assignment which had not been notarized and was recorded with the BANK OF NEW YORK MELLON assignment of mortgage. (sic)

Tyler Kayler, the attorney who represented the Defendant-Appellant in the lower court case, asked the trial court to substitute the proper party in interest, ALRP TRUST, LLC, but the lower court denied this motion.

At the Sheriff's Sale, SUTTON FUNDING purchased the real property.

The Common Pleas Court Judge does not have authority to issue

cancellations of mortgages or assignments of mortgage after the Sheriff's sale has already been concluded, without giving the Defendant-Appellant any opportunity to object to same. Failure to properly record an assignment of mortgage by Plaintiff-Appellees cannot be cured by the filing of an order by a common pleas judge.

* * *

The assignments of mortgage which were ordered to be filed by the Clerk did not take effect until they were delivered to the recorder for record. The order by Judge O'Connell did not relieve the assignor or assignee of the real property from the duty set forth in [R.C.] 5301.23[1].

Plaintiff-Appellant succeeded in getting the Common Pleas Court to make major decisions on cancelling the assignments of mortgage in order to correct its own errors in the case, after the Sheriff's Sale had been concluded. The Court appears to be acting favorably toward Plaintiff-Appellees and negatively toward Defendant-Appellant, prejudicing the rights of the Defendant-Appellant. The lower court was aware of the fact that RMH INVESTMENTS had filed a Complaint against ARLP in the Common Pleas Court of Montgomery County, Ohio. The motion of the Plaintiff-Appellees referred to the assignment of the mortgage to ALRP as

---

[1] "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference." R.C. 5301.23(A).

" . . . the *invalid assignment* thereof to ARLP Trust." Counsel for Defendant-Appellant believes that the Plaintiff-Appellees intentionally asked the court to order the cancellation of the assignment of mortgage to ARLP in order to avoid having damages assessed against ALRP in the lawsuit which had been filed by RMH INVESTMENTS.

{¶ 15} Herres asserts as follows in its sixth assignment of error:

The Judgment Entry Confirming Sheriff's Sale and Ordering Distribution states that the Substituted–Plaintiff (Sutton Funding LLC) was the successful bidder at the Sheriff's Sale and has subsequently assigned its bid to ALRP Trust. ALRP TRUST is a Delaware Statutory Trust which has failed to register[] with the State of Ohio as an entity authorized to do business in the State of Ohio.

* * *

Counsel for Defendant-Appellant believes that the counsel for Plaintiffs-Appellees referred to the assignment to ALRP TRUST as the "*invalid assignment* thereof to ARLP Trust." Counsel for Defendant-Appellant believes that the Plaintiff-Appellees asked the Court to cancel this assignment because they knew that ALRP Trust was not authorized to do business in the State of Ohio.

The Judgment Entry Confirming Sheriff's Sale and Ordering Distribution states that the distribution of proceeds shall be to the Substituted Plaintiff, [Mellon]. The actual substituted Plaintiff listed in the caption of the case was Sutton Funding, LLC. It appears that the counsel

for Defendant-Appellees did not actually know who the correct entity was that should be paid the proceeds of sale.

**{¶ 16}** As this Court has noted:

> The trial court must confirm the sale of property if the sale is made in conformity with R.C. 2329.01 to 2329.61. R.C. 2329.31. Specifically, R.C. 2329.31 provides that "[u]pon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements."

*Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 2004-Ohio-2046, 809 N.E.2d 55, ¶ 15 (2d Dist.).

**{¶ 17}** A trial court's decision whether to confirm or refuse a judicial sale will not be reversed by a reviewing court absent an abuse of discretion. *National Union Fire Ins. Co. v. Hall,* 2d Dist. Montgomery No. 19331, 2003–Ohio–462, ¶ 12; *Wells Fargo Bank, N.A. v. Fortner*, 2d Dist. Montgomery No. 26010, 2014-Ohio-2212, ¶ 8. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. * * * A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990) * * *." *Bohme v. Bohme*, 2d Dist. Montgomery

No. 26021, 2015-Ohio-339, ¶ 11.

{¶ 18} These assignments of error appear, at least in part, to be addressed to the order confirming the sale. We initially note that the trial court indicated that the sale of the property was made in conformity to law. Regarding Herres' assertion that Sutton purchased the property at sheriff's sale, we conclude that the "Return of Sheriff on Writ for Alias Order of Sale," which indicates that "Plaintiff, SUTTON FUNDING LLC," bought the property, contains a clerical error, and that Mellon, as substituted plaintiff, purchased the property, sought confirmation of the sale from the Court, and assigned its interest in its successful bid to ARLP. This conclusion is confirmed by the confirmation of sale which provides that the "Substituted-Plaintiff was the successful bidder at the Sheriff's Sale and has subsequently assigned its bid to ARLP Trust."

{¶ 19} We further note that Herres mischaracterizes the record in asserting that Mellon filed a motion requesting that the court cancel "assignments" after the sheriff's sale. Rather, Mellon requested that the sale be confirmed after it was the successful bidder. Regarding the "invalid assignment" to ARLP, we note that the foreclosure decree, which ordered the property "sold, free of the interests of all parties," divested Mellon of an interest in the mortgage to assign to ARLP pending the sale of the property. As Mellon asserts, once "the property sold at sheriff's sale, the mortgage and assignments were of no further force or effect, and cancellation of them in the order confirming sale was appropriate." Finally, Herres' "belief" that Mellon sought cancellation of the assignment to ARLP "in order to avoid having damages assessed against ALRP in the lawsuit which had been filed by RMH INVESTMENTS" is merely speculative and irrelevant to this appeal.

{¶ 20} An abuse of discretion is not demonstrated, thus, we cannot find that the trial court erred in confirming the sale of the property. Herres' second and sixth assigned errors are overruled.

{¶ 21} Finally, Herres' fifth assignment of error is as follows:

THE COURT ERRED IN OVERRULING THE JOINT MOTION TO CONSOLIDATE CASES FILED SEPTEMBER 11, 2014.

{¶ 22} Herres asserts as follows:

The Joint Motion to Consolidate Cases would have brought RMH INVESTMENTS & TECHNOLOGY, LLC into the case. * * * [T]he court had actual knowledge of the fact that MARK HERRES had transferred the title to the real property which is the subject of this action to RMH INVESTMENTS & TECNOLOGY, LLC. The Court chose to proceed with the foreclosure in spite of the fact that the Court had actual knowledge that an owner of the property with a recorded deed had been left out of the case. * * *

Counsel for Defendant-Appellant believes that the Court ordered the Plaintiff-Appellees to have another title search run prior to the Sheriff's sale, and counsel for Defendant-Appellant believes that they did not have the title search run but instead used an old title search from years before.

* * *

{¶ 23} We review the denial of a motion to consolidate for an abuse of discretion. *See City Loan & Savings Co.*, 16 Ohio App.3d 185, 475 N.E.2d 154 (2d Dist. 1984). Herres did not seek consolidation of the cases before the trial court; Mellon and ARLP did so. Herres has not preserved error in this regard. Furthermore, there is no basis in the

record before us to conclude that RMH held an interest in the property, for the reasons set forth in the trial court's decision overruling the joint motion to consolidate, namely that the decision of the trial court overruling Herres' motion for relief from judgment was affirmed on appeal by this court in *Mellon*, the property was set for sale, and the motion to set aside the sale had been overruled.   Finally, Herres' assertions are again without support in the record. There being no abuse of discretion in the trial court's decision denying the motion to consolidate, Herres' fifth assignment of error is overruled.

{¶ 24}   Having overruled Herres' assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Kimberly Y. Smith Rivera
Mary K. C. Soter
Hon. Timothy N. O'Connell