DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas which denied appellant's motion for relief from judgment filed pursuant to Civ.R. 60(B). For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "The Trial Court abused its discretion in denying Defendant/Appellant's Motion to Vacate the Default Judgment. Defendant/Appellant has a meritorious defense to present to Plaintiffs/Appellees' claims and should be given an opportunity to present his defense at trial."
 {¶ 4} The undisputed facts relevant to the issues raised on appeal are as follows. Appellant Ted Sinclair and appellee Thomas Sieja were involved in a traffic accident on February 26, 2003. The accident occurred when appellant, driving a tractor-trailer eastbound on U.S. 20 in Fulton County, turned left across the westbound lane, and Sieja, traveling west in his SUV, swerved to avoid appellant. Sieja lost control of his vehicle, left the roadway and rolled over several times. The two vehicles did not collide. Appellant was cited for "failure to yield;" Sieja was not cited.
 {¶ 5} On July 18, 2003, Sieja and his wife filed a complaint alleging injuries sustained as a result of appellant negligently making a left-hand turn in front of Sieja's vehicle. Service was attempted by certified mail but returned unclaimed. Although service was made on August 18, 2003, by ordinary mail, appellant did not answer the complaint. Appellees' motion for default judgment was filed on October 15, 2003. Appellant did not respond to the motion, and on October 27, 2003, the trial court granted default judgment. The trial court notified appellant of a damages hearing set for November 21, 2003, but appellant did not appear. By judgment entry filed the day of the hearing, the trial court awarded appellees damages of $200,000. Seven months later, on July 2, 2004, appellant filed a motion to vacate default judgment pursuant to Civ.R. 60(B)(1) and (5). In his motion, appellant argued he was not responsible for the accident in which Sieja was injured and had attempted to get his two insurance carriers to defend him after the suit was filed. Appellant further argued both companies said they were not responsible for defending him and his failure to answer was due to excusable neglect. On August 5, 2004, the trial court denied appellant's motion to vacate. Appellant appeals from that judgment.
 {¶ 6} In his sole assignment of error, appellant asserts the trial court penalized him for his lack of understanding of how the judicial system works by denying his motion to vacate filed pursuant to Civ.R. 60(B). Appellant asks that this matter be remanded for trial.
 {¶ 7} Appellant argues he has satisfied the requirements set forth inGTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, for a party to prevail on a motion under Civ.R. 60(B) because he has a meritorious defense to present if relief is granted, has presented evidence that his failure to answer was due to excusable neglect, and his motion was timely filed. First, as to having a meritorious defense, appellant argues his affidavit and the police report demonstrate Sieja's speed was the proximate cause of his injuries or, at a minimum, Sieja was comparatively negligent. He asserts he had his headlights and hazard lights on and appellee was traveling too fast. Second, appellant asserts his failure to answer the complaint constituted excusable neglect because, during the two months from the time he was served with the complaint until the default judgment was entered, he was attempting to secure a defense from his insurers. He adds he is a "novice" with regard to civil judicial proceedings and has a limited education. Third, appellant argues his motion to vacate was timely filed pursuant to Civ.R. 60(B) and GTE Automatic Electric, supra, since it was within one year of the default judgment.
 {¶ 8} Civ.R. 60(B) provides: "* * * [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 9} The Supreme Court of Ohio has held that in order to prevail on a Civ.R. 60(B) motion, "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, supra, paragraph two of the syllabus. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth in GTE Automatic Electric, supra. Argo PlasticProducts Co. v. Cleveland (1984), 15 Ohio St.3d 389.
 {¶ 10} The decision to grant or deny a Civ.R. 60(B) motion is within the sound discretion of the trial court, and will not be disturbed on appeal absent a clear abuse of discretion. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 11} In its judgment entry denying appellant's motion to vacate, the trial court found appellant had failed to carry his burden of proof in this matter, but did not separately consider the three factors a movant must demonstrate in order to prevail on a Civ.R. 60(B) motion as set forth in GTE Automatic Electric, supra. It appears the trial court focused on appellant's claim that his failure to answer the complaint was excusable neglect due to his limited education and his insurance carriers' refusals to cover him. As explained above, our review of the denial of appellant's motion to vacate is limited to a determination of whether the trial court's decision was unreasonable, arbitrary or unconscionable.
 {¶ 12} Appellant admits he failed to answer the complaint and motion for default judgment. However, he asserts his failure to act was excusable because, as a lay person with only a high school education, he was unfamiliar with the workings of the legal system. Appellant argues he was attempting to secure legal representation from one of his insurers when the deadlines passed for answering the complaint and responding to the motion for default judgment.
 {¶ 13} The determination of whether a party's neglect is excusable or inexcusable must take into consideration the surrounding facts and circumstances. Colley v. Bazell (1980), 64 Ohio St. 2d 243, 249. The party, attempting to demonstrate relief should be granted, must make a prima facie showing that the ends of justice will be better served by setting the judgment aside. Rose Chevrolet, Inc. v. Adams (1998),36 Ohio St.3d 17 at 21.
 {¶ 14} Under the circumstances of the instant case, we find defendant's failure to file an answer did not constitute excusable neglect under Civ.R. 60(B)(1). The summons served on appellant in this case advised appellant that he was required to serve upon appellees' attorney a copy of his answer to the complaint within 28 days after receiving the summons. The name and address of appellees' attorney was clearly indicated. Further, the summons stated "IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT." Despite these circumstances, appellant did not retain an attorney or take any appropriate action. If appellant did not understand the language in the summons or the consequences of the failure to file a response to the complaint, it was incumbent upon him to seek prompt legal advice. See Globe American Casualty Co. v. Lindsay (Sept. 28, 2001), 10th Dist. No. 01AO-176; Walton Constr. Co. v. Perry (Oct. 25, 1996), 2d Dist. No. 15707.
 {¶ 15} This court has thoroughly reviewed the evidence before the trial court as well as appellant's arguments. We have considered appellant's failure to respond to the complaint and the motion for default judgment. In light of the foregoing, we cannot find the trial court's decision was unreasonable, arbitrary or unconscionable and therefore an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, this court finds substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. Concur.