WILSON et al., Appellee,

v.

LEE et al., Appellants.

[Cite as *Wilson v. Lee,* 172 Ohio App.3d 791, 2007-Ohio-4542.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22010.

Decided Aug. 31, 2007.

792

Thorson, Switala, Wilkins & Snead, L.L.P., and Joseph J. Mondock, for appellee.

Thomas G. Eagle Co., L.P.A., and Thomas G. Eagle, for appellant.

---

GLASSER, Judge.

{¶ 1} Appellant, Michael O'Shea, appeals from the judgment of the Common Pleas Court of Montgomery County denying his motion for relief from judgment filed pursuant to Civ.R. 60(B).

{¶ 2} On June 20, 2005, appellee, Kelsey Wilson, by and through her mother, Kelly Wilson, filed an amended complaint for personal injuries sustained when Kelsey Wilson was bitten in the face by a Cane Corso dog in October 2004. The complaint alleged that O'Shea and Andrea Lee were the owners and/or keepers and/or harborers of the Cane Corso dog. According to the record, Lee resided in a rental property that O'Shea maintained as landlord.

{¶ 3} A copy of the complaint and summons was issued by the trial court to O'Shea at 204 North Locust Street, West Carrollton, Ohio, on June 21, 2005. The summons provided the following:

{¶ 4} "You have been named defendant in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio, 45422 * * *.

{¶ 5} "You are hereby summoned and required to serve upon *Gilbert B Switala Jr*, or upon *Kelsey Wilson Minor*, if s/he has no attorney of record, a copy of an *answer* to the complaint within twenty-eight (28) *days* after service of this summons on you, exclusive of the day of service. Your *answer* must be filed with the *court* within *three (3) days* after the service of a copy of the answer on Gilbert B Switala Jr.

{¶ 6} "If you fail to appear and defend, *judgment by default* will be rendered *against you* for the relief demanded in the complaint."

{¶ 7} Service was perfected when O'Shea received the summons and complaint by certified mail on June 27, 2005. This fact is not in dispute. Thereafter, on August 19, 2005, appellees moved the trial court for a default judgment because O'Shea failed to answer within the time allotted. The motion was granted on August 23, 2005. Subsequently, a damages hearing was held, which was attended by O'Shea. Damages were entered against O'Shea in the amount of $69,369.95, plus interest and costs.

{¶ 8} O'Shea filed a timely motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5) on December 29, 2005. In support of his argument under Civ.R. 60(B)(1), O'Shea stated that he had a meritorious claim, for he was simply the landlord of the owner, keeper, or harborer of the dog. O'Shea contended that he was aware that Ms. Lee kept the dog on the premises, but he had not been accurately informed of the type of dog it was or its dangerous character. Furthermore, O'Shea argued that his failure to answer the amended complaint was the result of excusable neglect, mistake, and/or inadvertence. According to O'Shea, the fact that he had limited experience and understanding of the judicial system, in addition to the fact that he was a layperson with only a GED-level of education, justified his misinterpretation of the pleadings in this case as simply putting him on notice of a suit against his tenant, Andrea Lee. Finally, O'Shea claimed that granting his motion under Civ. R. 60(B)(5)'s catch-all provision would be in the interest of justice because the matter involved a large sum of money, and it should be decided on its merits rather than by default.

{¶ 9} In overruling the motion, the trial court found that O'Shea's failure to answer was not due to excusable neglect, mistake, or inadvertence, although it agreed that O'Shea alleged a meritorious claim and the motion was filed in a timely manner. According to the trial court, O'Shea's inexperience with the judicial system and his lack of formal education were insufficient bases of excusable neglect, mistake, or inadvertence, when O'Shea was served with a copy of the amended complaint conspicuously identifying him as a defendant in the case caption. Furthermore, the court found that the summons also conspicuously informed O'Shea of his status as a defendant, it required that he serve an answer within 28 days, and it stated that judgment by default would be rendered against him if he failed to appear and defend. Finally, the trial court refused to grant relief under Civ.R. 60(B)(5) pursuant to this court's decision in *Grange Mut. Cas. Co. v. A & L Plumbing* (March 23, 2001), Clark App. No. 2000–CA–83, 2001 WL 280070, which held that "a trial court abuses its discretion where it properly overrules a motion for relief from judgment based on Civ.R. 60(B)(1) and then, upon reconsideration of its ruling and without additional operative facts before it, vacates its earlier ruling and grants the motion based on Civ.R. 60(B)(5) because

the movant had a meritorious defense." Id. at *4. O'Shea appeals from that judgment.

{¶ 10} In a single assignment of error, O'Shea contends that the trial court erred in denying his motion for relief from judgment because his legal misunderstanding of the purpose of the amended complaint establishes inadvertence, mistake, and/or excusable neglect pursuant to Civ.R. 60(B)(1). In addition, O'Shea argues that the circumstances in this case satisfy Civ.R. 60(B)(5), when an unjust operation of a judgment will result if the matter is not determined on its merits.

{¶ 11} The decision to grant or deny a motion for relief from judgment under Civ.R. 60(B) is within the sound discretion of the trial court, and that ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. *Grange Mut. Cas. Co. v. A & L Plumbing* (March 23, 2001), Clark App. No. 2000–CA–83, 2001 WL 280070, at *3. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Furthermore, an abuse of discretion most commonly arises from a decision that was unreasonable. *Schafer v. RMS Realty* (2000), 138 Ohio App.3d 244, 300, 741 N.E.2d 155, citing *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.* (1990), 50 Ohio St.3d, 157, 161, 553 N.E.2d 597. Decisions are unreasonable if they lack a sound reasoning process to support them. Id.

{¶ 12} Upon review, we find that the trial court acted unreasonably in denying O'Shea relief from judgment under Civ.R. 60(B). Because the present circumstances demonstrate that O'Shea has alleged a meritorious defense, he has made some attempt to participate in the legal proceedings, and the amount at issue is in excess of $69,000, doubt should be resolved in favor of the motion to set aside the judgment so that this case may be decided on its merits. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

{¶ 13} Civ.R. 60(B) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 14} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the Supreme Court of Ohio has held: "[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. (60)(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 150–51, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 15} The court has also held that Civ.R. 60(B) is a "remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec., Inc.,* 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph three of the syllabus. Indeed, the law does not favor judgments by default, and it is "a general tenet of Ohio jurisprudence * * * that cases should be decided on their merits whenever possible." *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578, 583, 607 N.E.2d 914. Moreover, courts in Ohio have adhered to the observation of the federal courts that " '[m]atters involving large sums [of money] should not be determined by default judgments if it can reasonably be avoided. * * * Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.' " *Estate of Orth v. Inman,* Franklin App. No. 99AP–504, 2002-Ohio-3728, 2002 WL 1626149, ¶ 30, quoting *United States v. Williams* (D.C.Ark.1952), 109 F.Supp. 456, 461; *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 247, 18 O.O.3d 442, 416 N.E.2d 605, fn. 5. But, see, *Vipperman v. Bartley,* Richland App. No. 03 CA 58, 2004-Ohio-3369, 2004 WL 1445111, at ¶ 46 (refusing to find a violation of due process on the grounds that default judgment was improperly granted in a case involving $1.97 million dollars).

{¶ 16} Here, there is no dispute that O'Shea failed to respond to the summons and amended complaint served upon him on June 27, 2005. In fact, the record establishes that O'Shea failed to act when a copy of the appellees' motion for default judgment and the court's entry granting such motion was mailed to him. It was not until the damages hearing in December 2005 that O'Shea chose to seek legal counsel and participate in this action. However, there is also no dispute that O'Shea has alleged a meritorious defense and that he timely filed his Civ.R. 60(B) motion for relief from judgment. "The movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious

defense." *Colley,* 64 Ohio St.2d at 247, 18 O.O.3d 442, 416 N.E.2d 605, fn. 3. The trial court found that O'Shea satisfactorily made the necessary meritorious showing for Civ.R. 60(B) purposes, and we agree. Likewise, O'Shea's Civ.R. 60(B) motion was filed within the required one-year period, as the order was issued in August 2005, and O'Shea moved for relief from judgment the following December.

{¶ 17} Having satisfied two of the three requirements established in *GTE Automatic Elec., Inc.,* we turn to whether O'Shea is entitled to relief under one of the grounds in Civ.R. 60(B)(1) through (5). O'Shea asserts that his failure to act resulted from mistake and/or inadvertence pursuant to Civ.R. 60(B)(1). Specifically, O'Shea contends that he believed he was simply being put on notice of a suit against his tenant because the case caption did not include his name. O'Shea's justification for this mistake is founded upon his being a layperson with only a GED-level of education. In denying relief, the trial court based its analysis solely on this fact.

{¶ 18} We find that the trial court's reasoning process was flawed in that it did not consider the entirety of the circumstances in this case. At the very least, O'Shea's affidavit testimony raises some question as to whether his failure to act was due to inadvertence. Black's Law Dictionary defines inadvertence as "[h]eedlessness; lack of attention; want of care; carelessness; *failure of a person to pay careful and prudent attention to * * * a proceeding in court by which his rights may be affected.*" (Emphasis added.) (6th Ed.1990) 759. Here, O'Shea testified that he believed he was merely receiving pleadings to place him on notice of an action against his tenant, and that upon realization of his mistake, he attended the damages hearing on December 9, 2005, and promptly sought legal counsel. While we may disapprove of O'Shea's failure to pay careful attention to the trial court proceedings prior to the damages hearing, we do not find that his conduct rises to the level of a "complete disregard for the judicial system," as provided in *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153, 1 O.O.3d 86, 351 N.E.2d 113. Upon discovering his mistake, O'Shea did respond timely and appropriately. Based on these circumstances, any doubt as to whether O'Shea's conduct amounted to inadvertence must be resolved in favor of granting him relief from judgment.

{¶ 19} Furthermore, we are guided by the fact that the appellees have not claimed any prejudice from O'Shea's conduct or challenged his allegations of a meritorious defense. Instead, appellees rely heavily on several cases that this court finds distinguishable on their facts. First, the appellees cite *Sieja v. Sinclair,* Fulton App. No. F–04–030, 2005-Ohio-2494, 2005 WL 1201044, for the proposition that inexperience with the judicial system and limited formal education are not bases for relief under the grounds in Civ.R. 60(B)(1). In *Sieja,* like

here, a summons and complaint were properly served on the appellant. Id. at ¶ 5. The summons indicated that the appellant was required to serve opposing counsel an answer to the appellees' complaint within 28 days of receiving the summons and that failure to respond accordingly would result in judgment being taken against him. Id. at ¶ 14. The appellant failed to respond, and judgment by default was granted. Id. at ¶ 5. Unlike O'Shea, however, the appellant in *Sieja* failed to appear at the subsequent damages hearing, and he moved for relief from judgment seven months later. Id. Moreover, there is no indication that the trial court considered, *and found,* that the appellant alleged a meritorious defense per *GTE Automatic Elec., Inc.* Id. at ¶ 11. The court of appeals affirmed the lower court's denial of the motion, finding that the appellant failed to take any action and that he had a duty to seek prompt legal advice upon realizing that he misunderstood the legal proceedings in which he was a part. Appellees also cite *Greenhorn v. Bud's Automotive,* Greene App. No. 2002–CA–67, 2003-Ohio-1261, 2003 WL 1194047, in which this court affirmed the trial court's denial of relief from judgment to an appellant who failed to provide sufficient operative facts demonstrating mistake, inadvertence, excusable neglect, or surprise under Civ.R. 60(B). Id. at ¶ 10. There, however, the amount at issue was $3,000 as opposed to nearly $70,000 in the present matter. Id. at ¶ 3. Furthermore, we again do not have any indication from the trial record in *Greenhorn* whether the appellant had alleged a meritorious defense that was recognized as such by the trial court. Instead, the record merely demonstrated the court's reliance on the appellant's failure to meet any of the grounds in Civ.R. 60(B)(1) as determinative of its decision. Id. at ¶ 5.

{¶ 20} In light of these distinctions, we believe that resolution of this claim in excess of $69,000 should be addressed on the merits. In making this decision, we stand in agreement with the rationale of a number of districts in Ohio that cases involving large sums of money should be decided upon their merits instead of by default. See *Colley,* 64 Ohio St.2d at 249, 18 O.O.3d 442, 416 N.E.2d 605, fn. 5; *Amzee Corp. v. Comerica Bank–Midwest,* Franklin App. No. 01AP–465, 2002-Ohio-3084, 2002 WL 1012998, at ¶ 31; *Miller v. Gen. Fire Sales & Serv., Inc.* (Mar. 17, 1989), Lucas App. No. L–88–167, 1989 WL 25540, at *3.

{¶ 21} Having found that O'Shea is entitled to relief from default judgment under the grounds of Civ.R. 60(B)(1), his alternative argument that he should be granted relief pursuant to Civ.R. 60(B)(5) is rendered moot. Disposition of this claim under Civ.R. 60(B)(1) likewise renders moot his contention that the trial court should have granted an evidentiary hearing to resolve any disputes regarding the grounds to vacate the judgment.

{¶ 22} In conclusion, we find that the trial court acted unreasonably in denying O'Shea's motion for relief from judgment pursuant to Civ.R. 60(B). O'Shea's

single assignment of error is sustained. Accordingly, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

WOLFF, P.J., and GRADY, J., concur.

GEORGE GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.