[Cite as *Vercek Dev., L.L.C. v. Abercrombie*, 2014-Ohio-5145.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101227

**VERCEK DEVELOPMENT, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**MARCUS J. ABERCROMBIE**

DEFENDANT-APPELLEE

JUDGMENT:
AFFIRMED

Civil Appeal from the
Garfield Heights Municipal Court
Case No. CVF-1200414

**BEFORE:** Blackmon, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEY FOR APPELLANT**

Timothy N. Toma
Toma & Associates L.P.A., Inc.
33977 Chardon Road, #100
Willoughby Hills, Ohio 44094


**ATTORNEYS FOR APPELLEE**

David A. Kutik
Martin T. Harvey
Ryan A. Doringo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Vercek Development, L.L.C. ("Vercek") appeals the trial court's decision vacating a default judgment previously entered against Marcus J. Abercrombie ("Abercrombie"). Vercek assigns the following errors for our review.

> I. The trial court erred in vacating judgment when the defendant was properly served with the complaint.

> II. The trial court erred in considering the defendant's motion to vacate, filed fourteen months after judgment was entered.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On September 21, 2009, Abercrombie's girlfriend, Ja'Taine Benefield ("Benefield"), executed a lease agreement with Vercek for a single family house located at 14740 Broadway Avenue in the city of Maple Heights, Ohio. The lease period ran from October 1, 2009 through September 30, 2010, at a monthly rent of $550, with Benefield responsible for half the water and sewer charges. On October 1, 2009, Benefield, along with Abercrombie, and the parties' daughter, began residing in the property.

{¶4} On July 1, 2011, Vercek filed suit against Benefield and Abercrombie in the Garfield Heights Municipal Court for non-payment of rent and assorted charges totaling $4,201.89. On September 15, 2011, at a hearing before a magistrate, Vercek indicated that Abercrombie was not a signatory to the lease agreement and admitted that no oral agreement existed between Abercrombie and Vercek. Upon the magistrate's strong recommendation, Vercek agreed to dismiss the action against Abercrombie.

{¶5} After the hearing, the magistrate found in favor of Vercek against Benefield and dismissed Vercek's claim against Abercrombie with prejudice. On October 12, 2011, the trial

court adopted the magistrate's decision, granted judgment against Benefield, and dismissed Abercrombie from the case with prejudice.

{¶6} On February 9, 2012, Vercek filed a second suit in the Garfield Heights Municipal Court against Abercrombie alleging breach of contract and quantum meruit for failing to make rental payment under the lease agreement that was the subject of the first complaint. On October 26, 2012, Abercrombie having failed to answer the complaint or to appear, the trial court entered default judgment in favor of Vercek.

{¶7} On September 6, 2013, Vercek motioned the trial court, pursuant to Civ.R. 60(A), to correct the October 12, 2011 judgment entry dismissing Abercrombie from the first complaint to state that it was dismissed "without prejudice," instead of "with prejudice." On December 17, 2013, over Abercrombie's opposition, the trial court granted Vercek's motion.

{¶8} On December 26, 2013, following Vercek's garnishing of his wages, Abercrombie filed a motion for relief from judgment. Abercrombie attached an affidavit to the motion wherein he averred among other things that he never received service of the complaint or any other documents pertaining to the litigation. Abercrombie reiterated that his name was not on the lease that Benefield signed and averred that he never orally agreed to pay the rent for the residence.

{¶9} On March 17, 2014, the trial court granted Abercrombie's motion for relief from judgment.

## Motion to Vacate

{¶10} We will address both assigned errors together because of their common basis in fact and law.

{¶11} Within both assigned errors, Vercek argues the trial court erred when it vacated the default judgment.

{¶12} The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. *C & W Inv. Co. v. Midwest Vending, Inc.,* 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, even though there is a preference in the law for deciding matters upon their merits, a court's decision denying a defendant's motion to vacate a default judgment will not be overturned unless it neither comports with the record nor reason. *In re Wiley,* 11th Dist. Lake No. 2007-P-0013, 2007-Ohio-7123, ¶ 17.

{¶13} In the instant case, Abercrombie moved to vacate the default judgment based on lack of personal jurisdiction asserting that he never received the second complaint or summons, and only became aware of the action when Vercek began garnishing his wages. Vercek counters that they successfully served Abercrombie with a summons and complaint on or about August 1, 2012, at 12016 Jesse Avenue, Cleveland, Ohio. Based on this averment, Abercrombie was not living at his mother's home on August 1, 2012, when the summons and complaint was served.

{¶14} However, Abercrombie averred in his affidavit that between June 2011 and June 2012, after vacating the property that was the subject of the lease between Benefield and Vercek, he stayed at a friend's apartment located at 14152 Superior Road, Cleveland, Ohio 44118. Abercrombie averred that between June 2012 and December 2012, he stayed with another friend who lived on East 131st Street in Cleveland, Ohio.

**{¶15}** Abercrombie further averred that during this second time frame, June through December 2012, he spent a few days with his mother at the Jesse Avenue address that also included the Christmas holiday. Abercrombie specifically averred that although a signature for service was obtained at his mother's Jesse Avenue address, he did not sign for it, did not receive a copy, and did not hear of any notices.

**{¶16}** Despite the aforementioned averments, Vercek maintains Abercrombie has not rebutted the presumption of service and thus, the trial court should not have granted the motion to vacate.

**{¶17}** Civ.R. 60(B) states in pertinent part, as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶18}** To prevail on a Civ.R. 60(B) motion to vacate judgment, the moving party must demonstrate the following:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *BAC Home Loans Servicing L.P. v. Komorowski,* 8th Dist. Cuyahoga No. 96631, 2012-Ohio-1341, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶19} Our analysis will focus on the second prong of the *GTE* test, i.e., entitlement to relief under Civ.R. 60(B)(1) through (5). Because of the facts and circumstances herein, we will specifically focus on Civ.R. 60(B)(5), any other reason justifying relief from the judgment.

{¶20} Vercek maintains that Abercrombie was aware of the proceedings because he communicated by telephone with its attorney and even attended a debtor's exam after service was perfected at the Jesse Avenue address. However, Abercrombie insists that he was confused and believed that whatever correspondence he eventually received pertained to the action in which he had been dismissed with prejudice.

{¶21} In support of its argument that relief should not have been granted, Vercek cites *Indus. Lift Truck Serv. v. Evans*, 8th Dist. Cuyahoga No. 59718, 1991 Ohio App. LEXIS 6453 (Dec. 26, 1991). In *Indus. Lift Truck Serv.*, the corporation, like here, received a default judgment against defendant on an open account. Service of the complaint was made at the automotive salvage company's business address by certified mail, and signed by a person named "Carver." Defendant failed to plead or otherwise defend, so default judgment was entered.

{¶22} Thereafter, the company caused an Examination in Aid of Execution to be served upon defendant at the same address the original complaint was served. Defendant appeared before the municipal court, along with a friend, who by way of affidavit, averred that he spoke with the company's attorney and explained that defendant "did not work for, was not employed by, nor did he act on behalf of the automotive salvage company at any time." Defendant's friend further averred that the company's attorney was satisfied with these representations. Defendant's friend then informed defendant that the matter was taken care of.

{¶23} Defendant, by way of affidavit, averred that after speaking with his friend, he was satisfied "everything was taken care of." Later, defendant realized otherwise when he attempted

to sell his house and discovered that a lien had been placed on his home. Finally, the company's attorney, by way of affidavit, stated that appellant was informed of the details concerning the instant judgment and answered questions regarding his assets at the hearing.

{¶24} After discovering the lien, defendant contacted an attorney for the first time and filed a motion to vacate the default judgment. Attached to the motion was defendant's affidavit, in which averred that he did not do business at the address marked on the certified mail receipt; did not owe any money to the company; did not have any control or authority over the automotive salvage company; had never asked for credit from *Indus. Lift Truck Serv.*; and did not sign the certified mail receipt.

{¶25} The trial court denied defendant's motion to vacate, and he timely appealed. In affirming the trial court's decision, we noted that although defendant's affidavit stated that he did not receive service of process, the affidavit did not provide any indication that service of process at the automobile salvage business was not reasonably calculated under the circumstances to provide defendant with notice. Vercek insists that *Indus. Lift Truck Serv.* is identical to the facts of the instant case.

{¶26} However, we find the instant case distinguishable in a very important respect. Specifically, the instant case involves the filing of two complaints. The second complaint sued Abercrombie for the same unpaid rent, for the same premises, and for the same time period that was the subject of the first complaint. Pivotally, as previously discussed, the trial court had dismissed Abercrombie from the first suit because he was not a party to the written lease and because Vercek's attorney admitted that Abercrombie had not agreed orally to be responsible for the rent.

**{¶27}** Here, unlike *Indus. Lift Truck Serv.,* two complaints were filed involving the same matter, and Abercrombie had been dismissed from the first action, initially with prejudice. It is conceivable that a lay person, such as Abercrombie, would be confused and believed that the "new documents" related to the first complaint. As previously noted, Abercrombie specifically insisted that because he was not a party to the lease, because he had been dismissed from the first action with prejudice, and because judgment was rendered against Benefield, he believed that whatever documents he ultimately received pertained to the first complaint.

**{¶28}** Nonetheless, Vercek points out that Abercrombie attended a debtor's examination on February 14, 2013, and emphasizes that on January 28, 2013, the notice of the examination was sent to the same Jesse Avenue address to which the second complaint had been sent. However, Abercrombie averred that he stayed at the Jesse Avenue address from Christmas 2012 through February 2013, which would explain why Abercrombie was aware of the debtor's examination.

**{¶29}** Finally, Abercrombie's dismissal from the original complaint on the grounds that he was not a party to the lease agreement is a clear signal that he would have a meritorious defense to present if the relief sought were to be granted. That dismissal leads us to consider the impact of Civ.R. 60(B)(5), the catchall provision, that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Sell v. Brockway*, 7th Dist. Columbiana No. 11 CO 30, 2012-Ohio-4552, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983). We are mindful that it is not a substitute for the enumerated grounds for relief from judgment, and substantial grounds must be present to vacate a judgment under Civ.R. 60(B)(5). *Id.*

{¶30} Our consideration is guided by the fact that it is well recognized that the law generally does not favor default judgments and that cases should be decided on their merits whenever possible. *Wilson v. Lee,* 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312 (2d Dist.) ¶ 15. It is undisputed that Abercrombie was not a party to the written lease agreement and Vercek admitted during the first action that there was no oral lease agreement between Abercrombie and Vercek for the subject property. For these reasons and under these circumstances, we find no abuse of discretion in the trial court's decision to vacate the default judgment and decide the case on the merits.

{¶31} Still, Vercek argues the trial court should not have granted the motion without a hearing. Interestingly, in the proceedings below, Vercek maintained in its brief in opposition to Abercrombie's motion to vacate that a hearing was not needed or required. However, when a movant has made a timely motion and has a meritorious defense, a trial court does not abuse its discretion by granting the Civ.R. 60(B) motion to vacate a judgment without first holding an evidentiary hearing. *See Kowalski v. Lisa M. Smith Inc.*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, citing *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 371 N.E.2d 214 (1978), syllabus. Accordingly, we overrule both assigned errors.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR