[Cite as *Internatl. Total Servs., Inc. v. Estate of Nichols*, 2019-Ohio-4572.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

INTERNATIONAL TOTAL SERVICES, :
INC., ET AL.,

      Plaintiffs-Appellants, :

       :    No. 107751

      v. :

ESTATE OF ROBERT NICHOLS, :

      Defendant-Appellee. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-858361

---

### *Appearances:*

LoPresti, Marcovy & Marotta, L.L.P., Timothy A. Marcovy,
and Thomas P. Marotta, *for appellants*.

Heben Law, L.L.C., and Edward J. Heben, Jr., *for
appellee*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiffs-appellants, International Total Services, Inc. ("ITS") and

Flight Services and Systems, Inc. ("FSS") (collectively "appellants") appeal the trial

court's decision granting relief from judgment in favor of defendant-appellee,

Estate of Robert Nichols ("Nichols").[1]  For the reasons that follow, we affirm the

trial court's decision.

{¶ 2}  In *Internatl. Total Servs., Inc. v. Nichols*, 8th Dist. Cuyahoga No.

105182, 2017-Ohio-9448 ("*Nichols I*"), this court set forth the relevant background

and procedural history:

> ITS and FSS provide passenger services, ground handling, security and safety services, terminal services, and charter services to different airlines at various airports throughout the country.  FSS is a wholly owned subsidiary of ITS.
>
> In February 2016, ITS and FSS filed a complaint against [Robert] Nichols alleging breach of fiduciary duty and seeking enhanced damages under the faithless servant doctrine.  Nichols was FSS's former general manager of operations at Logan Airport in Boston, Massachusetts. Nichols was also a minority shareholder of ITS.
>
> ITS and FSS's complaint essentially alleges that Nichols made false statements about FSS, its chairman-CEO, and its president in an affidavit he submitted in support of his former coworker, Joseph Travers's ("Travers"), retaliatory discharge suit in the United States District Court for the District of Massachusetts.  *See Travers v. Flight Servs. & Sys.*, D.Mass. No. 11-10175-GAO, 2013 U.S. Dist. LEXIS 31667 (Mar. 7, 2013).  ITS and FSS attached Nichols's affidavit to their complaint.
>
> In Nichols's Civ.R. 60(B) motion, he alleges that the statements in his affidavit were truthful and that he was illegally terminated by FSS because he would not fire Travers.  Travers was the lead class action plaintiff in Fair Labor Standards Act litigation against FSS in Massachusetts. In his Civ.R. 60(B) motion, Nichols reaffirmed the validity of his affidavit.  Nichols claims that appellees filed the instant complaint in retaliation for submitting the affidavit in Travers's retaliation suit.

---

[1] The Estate of Robert Nichols was substituted as the party-defendant after Robert Nichols passed away on November 16, 2017.

In his motion, Nichols states that he had retained counsel ("original counsel") in the summer of 2015 to collect stock redemption money due to him from ITS "as a result of [the] unjust termination of [his] employment [with FSS and] pursuant to the * * * shareholder agreement relating to the minority shareholder stock [he] owned[.]" Nichols states that he contacted his original counsel after he was served with appellee[s'] complaint in March 2016 and retained original counsel to represent him in the present case.

Nichols states, and the docket reflects, that his original counsel filed a stipulated leave to plead, and the trial court extended his answer deadline until May 6, 2016. The trial court extended the answer deadline once more until May 16, 2016. However, no answer and counterclaim was filed by Nichols or by counsel on his behalf.

On May 17, 2016, appellees filed a motion for default judgment. A default hearing was set for May 31, 2016. The docket reflects that no response to the default motion was filed and that neither Nichols nor counsel appeared at the scheduled default hearing. On June 1, 2016, the trial court entered a default judgment against Nichols and in favor of appellees in the amount of $564,912.79. The trial court's docket reflects that notice of the default judgment entry was sent by email to counsel for all parties only.

On October 13, 2016, Nichols filed a motion for relief from judgment pursuant to Civ.R. 60(B) through new counsel. In the body of this motion, Nichols states that he last spoke with his original counsel on May 16, 2016. At that time, original counsel told Nichols he would file an answer and counterclaim on Nichols's behalf. Nichols further states that after this conversation, original counsel did not respond to his communications and that in September 2016, he contacted and retained new counsel because he had not received any response from original counsel for several months. Nichols claims he assumed his original counsel had been diligently working on the instant matter and he was unaware of the status of the case until new counsel informed him of the fact that a default judgment had been entered against him. Nichols did not file an affidavit in support of his motion, but attached to his motion the federal court docket of the Travers litigation.

Upon receipt of Nichols's motion for relief from default judgment, the trial court set a deadline for ITS and FSS to respond. ITS and FSS responded to Nichols's motion and the trial court denied the motion without holding a hearing the following day.

*Id.* at ¶ 2-10.

{¶ 3} Nichols appealed the trial court's decision. In *Nichols I*, this court concluded that "Nichols's grounds for relief from judgment appear on the face of the record, and therefore, the trial court should have granted Nichols's motion for relief from judgment as a matter of law." *Id.* at ¶ 22. However, this court also concluded that "the trial court erred in denying Nichols's motion for relief from judgment without any evidentiary hearing." *Id.* at ¶ 30.[2] The judgment was reversed and the case was remanded to the trial court.

{¶ 4} Following remand, the trial court conducted an evidentiary hearing on August 14 and September 5, 2018, where Nichols (1) asked the court to take judicial notice of the court's own docket as evidence of his original counsel's inexcusable neglect of the case, and (2) presented two affidavits of Robert Nichols that were prepared and executed prior to his death. Appellants objected to the admission of the affidavits on the grounds that they were hearsay and no exception existed to warrant their admission. The trial court excluded the affidavits, but agreed to take judicial notice of its own docket. Based solely on the court's docket, the trial court granted Nichols's Civ.R. 60(B) motion for relief from judgment. The court stated:

---

[2] In *State ex rel. Estate of Nichols v. Russo*, 8th Dist. Cuyahoga No. 107508, 2018-Ohio-3416, ¶ 9, 16, 18, this court noted that arguably these passages from *Nichols I* create an ambiguity in the decision. Nevertheless, this court dismissed Nichols's claims for writs of prohibition and mandamus because Nichols had an adequate remedy at law — an evidentiary hearing would be held and he could appeal from that resulting judgment. *Id.* at ¶ 12-13, 16, 18.

> [The court is] going to accept the docket, because that's a public record, and clearly shows that [original counsel] was not doing his job. So, I will grant the 60(B), but the affidavits are excluded. This is solely on the docket. * * * [T]he docket does show inexcusable neglect. It's hard to look at the docket and not know that [original counsel] was not doing anything on the case.

(Tr. 39, Sept. 5, 2018 hearing.)

{¶ 5} Appellants now appeal, raising as their sole assignment of error that the trial court erred in granting Nichols's motion for relief from judgment pursuant to Civ.R. 60(B)(5).

{¶ 6} We review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 25. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

**{¶ 8}** Appellants contend that the trial court erred in granting Nichols's Civ.R. 60(B) motion because none of the *GTE* factors were satisfied. Specifically, appellants contend that Nichols presented no evidence during the evidentiary hearing satisfying his burden of proving that (1) relief from judgment was warranted pursuant to Civ.R. 60(B)(5); (2) the motion was timely; and (3) he has a meritorious defense.

**{¶ 9}** We initially note that in *Nichols I*, this court determined that the trial court record alone was sufficient to warrant the grant of Nichols's Civ.R. 60(B) motion for relief from judgment. *Nichols I*, 8th Dist. Cuyahoga No. 105182, 2017-Ohio-9448, at ¶ 22 ("We find, however, that Nichols's grounds for relief from judgment appear on the face of the record, and therefore, the trial court should have granted Nichols's motion for relief from judgment as a matter of law."). This court determined that Nichols's petition set "forth operative facts demonstrating that he has a meritorious defense." *Id.* at ¶ 23. This court also determined that the record demonstrated that Nichols "made his motion for relief from judgment within a reasonable time." *Id.* at ¶ 29. Finally, this court concluded that "the actions of Nichols's original counsel amount to inexcusable neglect and are of the extraordinary nature that fall within the scope of Civ.R. 60(B)(5)." *Id.* at ¶ 27.

**{¶ 10}** Accordingly, because the trial court on remand stated that it granted Nichols's motion only considering its own record, which was the same record that this court considered in *Nichols I*, it could be argued that our previous determination regarding Nichols's motion is the law of the case. *See Hopkins v.*

*Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329 ¶ 15 (law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings); *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) ("where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law").  Notwithstanding the application of this doctrine, the record supports the trial court's decision and we find no abuse of discretion.

## I.  Meritorious Defense

{¶ 11}  In addressing the first element of the *GTE* test, we find that Nichols has presented a meritorious defense.  Appellants filed a complaint against Nichols asserting causes of action for breach of fiduciary duty and faithless servant.  Nichols contends that appellants' complaint was filed outside the relevant statute of limitations for a breach of fiduciary duty cause of action, and that the faithless servant cause of action does not exist in Ohio but rather, is a remedy for breach of fiduciary duty.  Additionally, he contends that he owed no fiduciary duty to appellants because he was no longer their employee, and even if he did owe a duty to appellants, his affidavit, which appellants attached to their complaint and rely on to support their cause of action, contained truthful statements.  Appellants contend that Nichols did not satisfy this element of the *GTE* test because he did not provide substantial evidence to support his claims of a meritorious defense.

{¶ 12} A defense is meritorious "if it is not a sham and when, if true, it states a defense in part or in whole to the cause of action set forth." *Rowe v. Metro. Property & Cas. Ins. Co.*, 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942, 12 (Apr. 29, 1999), citing *Brenner v. Shore*, 34 Ohio App.2d 209, 215, 297 N.E.2d 550 (10th Dist.1973). The moving party is not required to show that his defense will be successful. *CB Group v. Starboard Hospitality, L.L.C.*, 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652, ¶ 17, citing *Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 334, 668 N.E.2d 959 (9th Dist.1995).

{¶ 13} Based on the defenses raised by Nichols, which involve two purely legal questions — statute of limitations and whether a cause of action is recognized in Ohio — we find that Nichols presented facts sufficient to support a valid defense to the claims made by appellants. The success of Nichols's defense is irrelevant; rather, if the legal defenses are true, they provide a defense in whole or part to appellants' complaint. Nichols has, therefore, set forth meritorious defenses to satisfy the first element of the *GTE* test. Moreover, this court in *Nichols I* found that Nichols's allegations that his "statements contained in his affidavit are truthful and were made after FSS had terminated his employment * * * constitute a meritorious defense to the claims in [appellants'] complaint, which are based entirely upon their allegation that Nichols's affidavit is untruthful." *Nichols I* at ¶ 23.

II. Civ.R. 60(B)(5) — Inexcusable Neglect of Original Counsel

{¶ 14} The general rule is that the neglect of a party's attorney will be imputed to the client for the purposes of Civ.R. 60(B)(1). *GTE*, 47 Ohio St.2d at 153, 351 N.E.2d 113. This rule, however, "does not preclude the possibility that in an appropriate case other factors may also be present that entitle a party to relief under other sections of Civ.R. 60(B)." *Id.*

{¶ 15} Civ.R. 60(B)(5) allows a court to relieve a party from a final judgment for "any other reason justifying relief from that judgment." This court has held that Civ.R. 60(B)(5) is an appropriate ground to seek relief from a final judgment when asserting that counsel was grossly ineffective, abandoned his representation, and counsel's neglect was inexcusable. *See, e.g., Rowe*, 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942 (an attorney's failure to appear and represent his client is inexcusable neglect and under Civ.R. 60(B)(5) would constitute other grounds justifying relief); *Hewitt v. Hewitt*, 8th Dist. Cuyahoga Nos. 71098 and 73448, 1998 Ohio App. LEXIS 5317 (Nov. 5, 1998) (failing to file a timely answer and attend a divorce hearing was inexcusable neglect); *Render v. Belle*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344 (inexcusable neglect found where attorney failed to notify client of court dates or case developments and the client was unaware that his attorney failed to attend court dates or respond to motions).

{¶ 16} Inexcusable neglect is different from the ordinary "simple lapses and technical failures" contemplated in Civ.R. 60(B)(1). It is, rather, a matter of "extraordinary nature, which is the purview of Civ.R. 60(B)(5)." *Whitt v. Bennett*,

82 Ohio App.3d 792, 797, 613 N.E.2d 667 (2d Dist.1992).  While the court may find the party responsible for some measure of the failures, "fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled." *Id.* at 798.

{¶ 17} Nichols asserts that he is entitled to relief under Civ.R. 60(B)(5) because the conduct of his original counsel goes beyond mere mistake, inadvertence, or excusable neglect.  He contends that his original counsel's neglect was inexcusable for failing to (1) file an answer even after receiving leave to plead by opposing counsel and an extension by the trial court, (2) respond to appellants' motion for default judgment, (3) appear at the default hearing, and (4) notify him of these case developments, including that a one-half million dollar judgment was rendered against him.

{¶ 18} Appellants contend that the trial court abused its discretion in granting Nichols's motion because Nichols failed to present any testimony or evidentiary material to support his motion and verify that his original counsel's actions constituted inexcusable neglect.  Specifically, appellants assert that without the testimony of Nichols's original counsel or Nichols, no explanation existed why counsel failed to file the answer, respond to the default motion, or attend the default hearing.  Additionally, appellants maintain that the docket contained insufficient information for the trial court to rely on that would explain why Nichols's original counsel did not perform these responsibilities.

{¶ 19} We initially note that by the time the Civ.R. 60(B) hearing was conducted, Robert Nichols had passed away, and his affidavit in support of his Civ.R. 60(B) motion had been objected to by appellants and excluded by the trial court. Moreover, the trial court permitted the scope of the deposition of Robert Nichols to include only those matters related to the complaint filed in the case, and not any counterclaims or third party claims. Accordingly, any "testimony" from Nichols was likely unavailable.

{¶ 20} Appellants rely on the proposition that '"[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under [Civ.R.] 60(B), the trial court should grant a hearing *to take evidence and verify these facts before it rules on the motion.*"' (Emphasis added.) *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). Appellants contend that Nichols presented no evidence to verify the facts in his motion, and that the record contained insufficient evidence for the trial court to rely on in granting Nichols's motion. We disagree.

{¶ 21} Nichols alleged that his original counsel misled him to believe that this matter was being properly handled. He also alleged that his original counsel never notified him of the default hearing or the entry of default, resulting in a one-half million dollar judgment against him. Additionally, he asserted that his original counsel did not return his repeated attempts to contact him.

{¶ 22} We find that the docket and the court's record sufficiently support Nichols's allegations that his original counsel's conduct amounted to inexcusable neglect. First, the docket shows that all case notifications were directed to original counsel and not to Nichols. Additionally, the docket reflects that no answer to the complaint was ever filed, despite original counsel receiving a stipulation from appellants' counsel and an extension by the trial court to file an answer.

{¶ 23} Original counsel's neglect of the case was readily apparent to appellants' counsel because appellants' counsel relied on assertions made by Nichols's original counsel about filing an answer in the case. As explained by appellants' counsel in its own motion for relief from judgment filed April 27, 2016, counsel received a call from Nichols's original counsel the day before the answer was due. Nichols's original counsel requested a leave to plead until May; appellants' counsel agreed. Nichols's original counsel stated he would file a stipulation for leave to plead, which would then moot appellants' obligation to file a motion for default. However, original counsel did not file the stipulation until after the deadline for a motion for default judgment, and the trial court dismissed appellants' complaint for failure to prosecute. Appellants sought relief from judgment claiming that they relied on original counsel's representations that he would file a timely stipulation for leave to plead; relief was granted. Appellants obtained relief based on their reliance on original counsel's assurances, but according to appellants, Nichols is not entitled to relief based on similar assurances. We decline to share in appellants' view and find that the record

undoubtedly supports the trial court's decision — it was not an abuse of discretion to rely on its own record.

{¶ 24} Our consideration of the trial court's decision is guided by the fact that it is well recognized that the law generally does not favor default judgments and that cases should be decided on their merits whenever possible. *Russo v. Fonseca*, 8th Dist. Cuyahoga No. 98527, 2012-Ohio-5714, ¶ 28, citing *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 15 (2d Dist.). Thus, "'[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases made be decided on their merits.'" *Id.* at ¶ 28, quoting *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph three of the syllabus.

{¶ 25} Moreover, original counsel's inexcusable neglect caused a one-half million dollar default judgment to be rendered against his client on an alleged breach of fiduciary duty complaint where it is averred that the statute of limitations expired prior to the filing of the complaint. This court has said that it "share[s] the preference, particularly where large sums of money are at issue, for deciding cases upon their merits instead of by default." *Russo* at ¶ 29, citing *Young v. Walker*, 8th Dist. Cuyahoga No. 49972, 1986 Ohio App. LEXIS 5283 (Jan. 16, 1986).

{¶ 26} Accordingly, Nichols demonstrated he was entitled to relief because his original counsel's conduct amounted to inexcusable neglect.

### III. Timeliness

**{¶ 27}** Finally, Civ.R. 60(B)(5) requires that a motion made under the rule be made within a reasonable time. We find that Nichols's Civ.R. 60(B) motion was filed within a reasonable time; it was filed approximately four months following the court's decision ordering a default judgment. Counsel stated at the hearing that Nichols was not aware of the default hearing, having never received notice, and that he did not become aware of the judgment against him until new counsel discovered the default. Accordingly, the motion was filed within a reasonable time.

**{¶ 28}** Based on the foregoing, the trial court did not abuse its discretion in granting Nichols's Civ.R. 60(B) motion for relief from judgment. The record and the court's own docket reflect that (1) Nichols has set forth a meritorious defense, (2) sufficient operative facts are alleged that entitle him to relief under Civ.R. 60(B)(5), and (3) the motion for relief was made within a reasonable time. Accordingly, the assignment of error is overruled.

**{¶ 29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
RAYMOND C. HEADEN, J., CONCUR